IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNON HILL, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CO BOGAN, *et al.*, | : | NO. 18-1605 |
|     Defendants. | : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                                                         **APRIL    , 2018**

Plaintiff Vernon Hill, a prisoner at SCI-Graterford proceeding *pro se*, filed this civil action challenging discipline he received for fighting. Mr. Hill names the following employees of SCI-Grateford as Defendants in this case: (1) Correctional Officer Bogan; (2) Correctional Officer R. Getz; (3) J. Yodis, a hearing examiner; (4) O. Nunez, a unit manager; (5) J. Terra; (6) J.H. Dupont, Chief Hearing Officer; (7) Cynthia Link, the former Superintendent; (8) Mascilino, a "Captain/Lieutenant;" (9) J. Gery; and (10) John/Jane Does. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Hill leave to proceed *in forma pauperis* and dismiss his Complaint.

### I.     FACTS[1]

On December 12, 2017, Officer Getz "alerted the Day Captain Office that Hill was fighting in the fieldhouse" with another inmate, identified as McClennan.[2] (Compl. ECF No. 2,

---

[1] The following facts are taken from the Complaint. Although the Complaint references various exhibits, Mr. Hill did not submit those exhibits with his Complaint, so they are not part of the record.

[2] The Complaint identifies the other inmate as McClennon and McClennan. A search of the inmate locator system reflects that McClennan is the proper spelling.

at 6, ¶ 12.)[3] Mr. Hill, who was employed as a basketball referee at the time, contends that he stopped a basketball game to prevent McClennan from fighting with another inmate, so McClennan swung at him instead. Mr. Hill claims that he did not fight back because he did not want to adversely affect his upcoming parole hearing.

Mr. Hill alleges that Getz is "known for issuing Black and Hispanic Prisoner misconduct reports based upon their skin color and in a discriminatory fashion." (*Id.* at 6, ¶ 14.) Mr. Hill also alleges, however, that Getz did not issue misconducts to him or McClennan as a result of the incident, and notes that Getz also did not escort them to the medical department, which "is the normal procedure for when two or more Prisoners are captured fighting." (*Id.*) Instead, Officer Bogan prepared a misconduct report, charging Mr. Hill with fighting. "Bogan alleged that at approximately 1850 hrs. Getz did in fact observe inmate V. Hill #DK9860 and inmate McClennan #LY5365 physically throwing closed fist punches as each other's faces, inside the fieldhouse." (*Id.*)

Mr. Hill appeared before Hearing Examiner Yodis, who found him guilty of fighting based on Officer Bogan's misconduct report, even though Officer Bogan did not personally observe the fight. Mr. Hill had requested review of a videotape but was informed that no videotape of the fight existed. He believes that Yodis found him guilty on the basis that he had previously been found guilty of fighting on two prior occasions. As a result of the infraction, Mr. Hill lost his job as a basketball referee and received thirty (30) days in disciplinary custody.

Mr. Hill appealed his disciplinary sentence to the Program Review Committee, which consisted of Defendants Nunez, Gery, and Terra. However, the Program Review Committee denied his appeal. Mr. Hill also appealed to the Facility Manager, the Chief Hearing Examiner,

---

[3] The Court uses the pagination assigned to the Complaint by the CM-ECF system.

and Superintendent Link claiming that he was innocent of the disciplinary charge, but his appeals were unsuccessful.

In this civil action, Mr. Hill challenges the discipline imposed upon him. He claims that he was improperly found guilty of fighting and that "each Commonwealth Defendant imposed a punishment and sanctioned [him], which may very well effect [sic] his upcoming parole chances based upon an event that never occurred, [and] was racially and discriminatory motivated." (Compl. ECF No. 2, at 8, ¶ 22.) Accordingly, he brings claims for damages, pursuant to 42 U.S.C. § 1983, apparently for violation of his "First, Fifth, Eight[h], Ninth and Fourteenth Amendment rights under the United States Constitution."[4] (*Id.* at 9.)

## II. STANDARD OF REVIEW

Mr. Hill is granted leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[5] As Mr. Hill is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That provision requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Mr. Hill is proceeding *pro se*, the Court is obligated to construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[4] The Complaint also alludes to claims under state law, as Mr. Hill invokes the Court's supplemental jurisdiction over "any and all State Law Claims that may be found in the below cause of action." (Compl. ECF No. 2 at 3.) As the Complaint does not clearly present any basis for a state law claim, the Court will not construe the Complaint as raising any such claims.

[5] However, as Mr. Hill is a prisoner, he will be obligated to pay the $350 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The facts pled by Mr. Hill do not establish a plausible constitutional violation.

### A. First Amendment Claims

The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The facts alleged in the Complaint do not implicate any of the constitutional protections afforded by the First Amendment. Accordingly, the Court will dismiss any First Amendment claims.

### B. Fifth Amendment Claims

The Fifth Amendment applies to the federal government. As none of the Defendants are federal actors, the Fifth Amendment is not implicated here. *See Mutschler v. SCI Albion CHCA Health Care*, 445 F. App'x 617, 621 (3d Cir. 2011) (per curiam) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)); *Basile v. Elizabethtown Area Sch. Dist.*, 61 F. Supp. 2d 392, 403 (E.D. Pa. 1999). Accordingly, Mr. Hill has not pled a basis for a Fifth Amendment claim.

### C. Eighth Amendment Claims

Conditions of confinement violate the Eighth Amendment's prohibition on cruel and unusual punishment if they satisfy two criteria. First, the conditions "must be, objectively, sufficiently serious" such that a "prison official's act or omission . . . result[s] in the denial of the

minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citations and internal quotation marks omitted). Second, the official responsible for the challenged conditions must exhibit a "sufficiently culpable state of mind," which "[i]n prison-conditions cases . . . is one of deliberate indifference to inmate health or safety." *Id.* As the punishment in question did not deprive Mr. Hill of basic necessities nor represent "'a dramatic departure from accepted standards for conditions of confinement'" Mr. Hill has not stated a basis for an Eighth Amendment claim. *See McDowell v. Litz*, 419 F. App'x 149, 152 (3d Cir. 2011) (per curiam) (quoting *Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003)) (holding that 90-day suspension of telephone privileges and loss of institutional employment as a result of disciplinary sanction did not violate the Eighth Amendment).

### D. Ninth Amendment Claims

The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. This Court is not aware of any authority that would provide a basis for a claim under the Ninth Amendment based on the imposition of a disciplinary sanction upon an inmate. Indeed, courts have generally rejected Ninth Amendment claims raised by prisoners based on complaints about prison conditions. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) ("Although there is some authority for the proposition that the Ninth Amendment is a source of fundamental rights . . . no court of which we are aware has held that the Ninth Amendment establishes a right to choose one's cellmate." (internal citation omitted)); *Bisby v. Dir., TDCJ-CID*, No. 6:10CV358, 2011 WL 65974, at *1 (E.D. Tex. Jan. 7, 2011) (rejecting claim where prisoner was "complaining of a violation of his rights under the Ninth Amendment, because he was given a disciplinary case for exercising his right of self-defense"); *Muniz v.*

*Goord*, No. 9:04-CV-0479, 2007 WL 2027912, at *9 (N.D.N.Y. July 11, 2007) (collecting cases). Accordingly, the Court will dismiss Mr. Hill's Ninth Amendment claims.

### E. Fourteenth Amendment Claims

To the extent Mr. Hill is claiming a violation of his due process rights under the Fourteenth Amendment, his claims fail. "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. PA Dep't of Corr.*, 642 F.3d 163, 171 (3d Cir. 2011) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)). Mr. Hill's loss of his referee position does not trigger due process protection because inmates do not have a liberty or property interest in a prison job. *See Watson v. Sec'y Pennsylvania Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014) (per curiam) ("Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection." (citing *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989))). Nor is Mr. Hill's thirty-day sentence in disciplinary custody sufficient to trigger due process protections. *See Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002) ("[C]onfinement in administrative or punitive segregation will rarely be sufficient, without more, to establish the kind of 'atypical' deprivation of prison life necessary to implicate a liberty interest [for purpose of triggering due process protection]." (quoting *Sandin*, 515 U.S. 472 (1995))); *Griffin v. Vaughn*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)). Mr. Hill's speculative suggestion that his chances for parole "may very well" be affected, (Compl. ECF No. 2 at 8, ¶ 22), is also an insufficient liberty interest upon which to base a due process claim. *See O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991)

("[A] fear or hope about a future discretionary decision by prison administrators is too speculative to give an inmate a liberty interest."). Accordingly, Mr. Hill cannot establish a due process violation. *See McDowell*, 419 F. App'x at 152 (no due process violation where "McDowell claimed that, as a result of the disciplinary proceeding, he was sanctioned to a 90–day suspension of his telephone privileges and the loss of his institutional employment.").

Mr. Hill also appears to be asserting an equal protection violation based on his allegation that the discipline "was racially and discriminatory motivated." (Compl. ECF No. 2, at 8, ¶ 22.) In that regard, he claims that Officer Getz, who observed the fight, is "known for issuing Black and Hispanic Prisoner misconduct reports based upon their skin color and in a discriminatory fashion." (*Id.* at 6, ¶ 14.) However, Officer Getz was not the individual who issued the misconduct report. Furthermore, Mr. Hill has not alleged any facts to support his allegation that the disciplinary sanction was a result of discrimination. He does not allege anyone's race or set forth facts showing how he was treated differently than inmates of another race. Accordingly, his equal protection claims fail. *See Small v. Sec'y Pennsylvania Dep't of Corr.*, 592 F. App'x 62, 63–64 (3d Cir. 2014) (rejecting equal protection claim where inmate "failed to establish a necessary factual predicate: that he was similarly situated to those allegedly treated better").

## IV.    CONCLUSION

The Court will dismiss the Complaint for the reasons above. As it is plausible that Mr. Hill Could amend his equal protection claim, he will be given leave to amend. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows.

**BY THE COURT:**

_____/s/ Gerald Austin McHugh_
United States District Judge